ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-19 11:41:18
60CV-17-6345
C06D06 : 9 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
6ᵀᴴ DIVISION

| | |
|---|---|
| PROPST PROPERTIES, LLC | PLAINTIFF/COUNTER-DEFENDANT |
| V. | CASE NO. 60cv-17-6345 |
| WESTBROOK WILLOW, LLC | DEFENDANT/COUNTER-PLAINTIFF |

**STIPULATED PROTECTIVE ORDER**

For good cause shown, it is hereby ORDERED that:

1. This Protective Order ("Order") shall be applicable to and shall govern the production and exchange of all documents, answers to interrogatories, depositions, exhibits, testimony adduced at hearings or trial, and all other discovery taken pursuant to the Arkansas Rules of Civil Procedure.

2. All information, documents, and things which are subject to discovery in this case in whatever form produced, disclosed, or contained (hereinafter, "information and materials"), whether or not any or all of the same is designated by one party as containing or disclosing confidential information of that party shall not be used for any business, commercial, scientific or competitive purpose.

3. The term **"Confidential Information"** or **"Confidential"** is defined herein to mean information in oral, written, photographic or electronic form that contains financial, proprietary, trade secret, and/or personal information about the parties (and/or their business interests) and/or any information about the parties' customers (and/or their business interests), the disclosure of which may prejudice the interests of the parties, the customer(s) of the parties or said business interests.

**EXHIBIT F**

4. Any party ("Producing Party") hereto claiming in good faith that any Information that is Confidential shall be required to designate those materials that are considered to be covered by this Protective Order in writing to the attorneys in this case at or prior to the time of disclosure of any such materials. When subpoenas are issued for documents from a non-party, either party may identify in writing to the attorneys for the other party that the documents requested through the subpoena shall be designated as Confidential, prior to receipt of the documents from the non-party.

5. In the event any material is to be designated as Confidential Information and made subject to this Order, such material is to be designated in the following manner:

(a) The designation as to documents or other tangible things shall be made by marking each page of the document in which the Confidential Information appears, and in a prominent place on each tangible thing, which the producing party wishes to designate as Confidential, with the legend "CONFIDENTIAL". All documents and tangible things so designated shall be marked prior to the transmittal of a physical copy thereof to counsel of record for any other party to this action (the "receiving party").

(b) In lieu of marking and producing the original of a document which contains Confidential Information prior to inspection, counsel for the producing party may designate in writing such documents being produced for inspection as Confidential Information and thereby make such documents subject to this Order. Any copies made of such documents must be marked with the appropriate legend set forth in paragraph 5(a) above by the producing party at the time they are supplied to inspecting counsel.

(c) Testimony or information disclosed at a deposition may be designated as Confidential Information by indicating on the record at the deposition the specific

testimony that contains Confidential Information that is to be made subject to the provisions of this Order.

(d) Confidential Information contained in responses to interrogatories or other discovery requests, or responses, affidavits, briefs, memoranda or other papers filed in this action may be designated as Confidential Information by marking such paper as "CONFIDENTIAL".

(e) Either party may identify in writing to the attorneys for the other party that documents requested through a subpoena shall be designated as Confidential, prior to receipt of the documents from the non-party.

6. Subject to the provisions of paragraphs 4 and 5 herein, material designated CONFIDENTIAL and any summary, description, analysis or report containing such Confidential Information, may be disclosed only to the following persons:

(a) the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) independent experts or consultants of the receiving party who are not and have not been an employee of a party or of an affiliated company of a party and who have been retained by counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

(c) witnesses deemed necessary by counsel for the prosecution, defense, or settlement of this action;

(d) any governmental office, department or agency, or the employees or agents thereof when such information has been demanded pursuant to a subpoena or other legal request;

(e) officers or employees of the receiving party whom a receiving party believes he or she needs to consult solely for purposes of prosecuting, defending, and/or appealing this action;

(f) the parties' counsel of record, and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographer and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

7. No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in paragraphs 6(b) (c) or (e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as **Exhibit A**, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information, and a copy of which shall be provided to counsel for the producing party.

8. It is the intention of this Protective Order that the following categories of information shall not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or disclosure of: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by

the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any dispute as to whether information is Confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.

9. A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper. In the event that any party to this action disagrees at any stage of this action with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. The burden of proving that information has been properly designated as "CONFIDENTIAL" is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as "CONFIDENTIAL" subject to the terms of this Order. Any failure to object to any material being designated as "CONFIDENTIAL" shall not be construed as an admission by any non-designating party that the material constitutes or contains Confidential Information.

10. A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent

facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

11. Subject to the Arkansas Rules of Evidence, Confidential Information may be offered in evidence at trial or any hearing. Any party may move the Court for an order that the evidence be received in camera' or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

12. Nothing in this Order shall bar or otherwise restrict any attorney herein from providing advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Information; provided, however, that in providing such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information to anyone who is not authorized to receive any such disclosure under the terms of this Order.

13. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court.

15. In the event any other party is added or substituted into this case, or in the event any non-party is called upon to produce information which it reasonably believes constitutes or

discloses confidential information, or other information which it is entitled to be maintained in confidence, such added, substituted party or non-party may elect to become subject to the terms of this Protective Order by serving a notice of its election on counsel for each party. After service of such a notice of election, this Protective Order will be binding on and inure to the benefit of such added, substituted party or non-party.

16. Within ninety (90) days after final termination of this action (including all appellate proceedings), and upon the request of the producing party, all Confidential Information in possession of a party to this litigation, its attorneys, consultants, and agents shall be returned to the producing party or destroyed.

**IT IS SO ORDERED.**

_____
CIRCUIT COURT JUDGE
Date: 1/19/18

**Prepared by:**

Dylan H. Potts (Ark. Bar No. 2001258)
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201

**Agreed to form:**

Michael N. Shannon

Joseph W. Price, II
Thomas H. Wyatt
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201

EX. A

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 6TH DIVISION

**PROPST PROPERTIES, LLC**                    **PLAINTIFF/COUNTER-DEFENDANT**

**V.**                              **CASE NO. 60cv-17-6345**

**WESTBROOK WILLOW, LLC**                    **DEFENDANT/COUNTER-PLAINTIFF**

### PROTECTIVE ORDER UNDERTAKING

I, _____, hereby declare that:

1.  I have read and understand the foregoing Protective Order (the "Order") in the above-captioned matter.

2.  I agree that I will be bound by and will comply with all of the provisions of the Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

3.  When requested, I will promptly return all Confidential Information, which comes into my possession, and documents or things, which I have prepared relating thereto, to counsel for the party, which disclosed the Confidential Information to me.

4.  I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of the Circuit Court of Pulaski County, Arkansas for the purpose of enforcement of the Order.

Dated: _____1/19_____, 2018.

_____
Signature

_____
Name

Subscribed to before me this _____ day of _____, 2018.

_____
Notary Public

My Commission Expires:

_____