## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**PROPST PROPERTIES, LLC**                                                                      **PLAINTIFF**

**V.**                       **CASE NO. 4:18CV511-DPM**

**RASOOL MOHAMMAD;**
**SELECT SANDS CORPORATION;**
**SELECT SANDS AMERICA CORPORATION;**
**WESTBROOK WILLOW, LLC; and**
**ZIGURDS VITOLS**                                                             **DEFENDANTS**

## AGREED PROTECTIVE ORDER

All Parties (the "Parties") in the above-captioned action (the "Action"), through their undersigned attorneys, have represented to the Court and the Court finds that:

A. Prior to the July 20, 2018 Amended Complaint filed by Plaintiff, Plaintiff and Westbrook Willow, LLC anticipated the need for discovery in the action, including the production and disclosure of documents, data, and other materials and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition from each other and from third persons and they secured from the Pulaski County Court entry of a Protective Order on January 19, 2018 ("State Court Order");

B. Prior to the removal of this action to this Court, Plaintiff and Westbrook Willow, LLC exchanged Discovery Material that was marked as Confidential and filed redacted papers with the Clerk, all in accordance with the State Court Order;

C. Some information sought to be produced by the Parties during discovery likely will represent or contain personal health information or confidential research, development, financial,

technical, or commercial information including policies and procedures developed for a particular party to this case within the scope and meaning of Fed. R. Civ. P. 26(c)(l)(G); and

D. The need for prompt and orderly discovery in this proceeding may make it impossible or impracticable for the Parties to ensure that their rights under Fed. R. Civ. P. 26(c)(l)(G) are fully protected at the time that discovery material is produced or disclosed absent an Order from the Court to protect the confidentiality of the materials and information likely to be produced in this Action.

In support of this Order, the Court finds:

1. <u>Discovery Material</u>. "Discovery Material," as used herein, shall refer to:

   (a) all deposition or transcribed hearing testimony of the Parties; however, the marking of deposition testimony as "CONFIDENTIAL" shall be limited to areas that specifically quote or discuss areas of "CONFIDENTIAL" testimony or that include the marking of exhibits that are "CONFIDENTIAL;"

   (b) all documents and other discovery materials produced by any Party (i) in response to any discovery request or initial disclosure requirement, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement of the Parties;

   (c) all deposition or transcribed hearing testimony of any person or entity that is not a party to the Action ; and,

   (d) all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from this Action, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party, in the Action.

2. <u>Scope</u>. All Discovery Material disclosed by the Parties and by any non-parties to the Action shall be handled by the Parties in accordance with this Agreed Protective Order (the "Order"). This Order does not affect the rights of the

Party producing or disclosing Discovery Material to the use of any Discovery Materials it has produced or disclosed.

3. <u>Confidentiality Designation</u>. Any party or non-party producing Discovery Material may designate it with the legend "CONFIDENTIAL." This designation may also be made in the course of depositions or hearings. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information; or (b) information subject to a legally protected right of privacy, including personal health information. All "Confidential" designations upon Discovery Material made pursuant to the State Court Order will be considered properly designated as "Confidential" under and subject to the terms of this Order unless and until otherwise communicated in writing by the designating party or non-party that the designation is withdrawn.

4. <u>Undertaking</u>. The Discovery Materials that a party to this Litigation or a non-party marks as "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation and at hearing or trial in this litigation; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive it, as provided herein. Confidential Discovery Materials shall be carefully maintained in secure facilities and access shall be permitted only to persons properly having access to it under the terms of this Order. Only the Discovery Materials identified as "CONFIDENTIAL" are to be deemed "CONFIDENTIAL." Any Discovery Materials not identified as "CONFIDENTIAL" shall not be deemed "CONFIDENTIAL" and do not need to be kept, maintained or segregated as required by this Paragraph.

5. Manner of Designation.

   (a) The designation of Discovery Materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all pages or any part of the document or thing. In the event the phrase "CONFIDENTIAL" cannot be affixed to Discovery Materials, the producing party or non-party shall clearly describe the "CONFIDENTIAL" portion of said Discovery Materials in writing to all Parties.

   (b) Unless otherwise designated at a deposition or hearing, all deposition and hearing transcripts in this Action, as well as all Discovery Materials produced by a non-party and not designated as CONFIDENTIAL, shall be treated by all Parties as provisionally protected as "CONFIDENTIAL" for a period of 21 days following their receipt by all parties. Within the fourteen (14)-day period, any Party may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice to every other Party to the Action. At the conclusion of the 21 day period, any testimony or Discovery Materials not designated as "CONFIDENTIAL" shall lose their "CONFIDENTIALITY" designation. It shall not be appropriate for all of any particular deposition testimony to be marked as "CONFIDENTIAL" as the Parties agree that only the specific portions of the deposition or hearing testimony that include direct discussion of, quotations of or attaching as exhibits "CONFIDENTIAL" documents or information.

6. Use of and Access to Confidential Information. Except as set forth in this Order or in any subsequent Order, or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

   (a) The Court, or any Court personnel;

   (b) Court Reporters employed in connection with this Action;

   (c) Counsel for the parties in this proceeding and other attorneys, paralegals, law clerks, assistants or clerical staff working with those attorneys; [initials]

   (d) (1) Any person identified from the four corners [handwritten correction over "comers"] of the information, document or thing itself as having authored or previously received the information, document or thing; (2) any party to this Action, including, as applicable, any officer, director, or employee of

a party assisting in the evaluation, prosecution, or defense of the Action; and (3) any non-party witness at a deposition, hearing, or trial provided that said witness has executed the attached CONFIDENTIALITY UNDERTAKING;

(e) Any Technical Advisor and Technical Advisor's assistant or staff retained by any party for the purposes of this Action (who shall not be an employee of or a non-litigation consultant to a party), provided that said Technical Advisors have executed the attached CONFIDENTIALITY UNDERTAKING;

(f) Physicians, consultants or experts retained by the Parties, or the Parties' counsel, and the employees of such consultants or experts, only to the extent reasonably necessary for the prosecution or defense of this Action, provided that such consultant or expert has been informed of this Protective Order and has signed the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit A; or

(g) Other persons who may be specifically designated by consent of the designating party or non-party or pursuant to an order of the Court.

7. Filing Procedures.

(a) Any party or non-party wishing to file any transcript, chart, brief, affidavit, motion, or other document containing or referring to the content of Discovery Materials designated as "CONFIDENTIAL" shall first attempt to redact the Confidential material from the document and then file the redacted transcript, chart, brief, affidavit, motion, or other document with the Court. If redaction is believed to be impracticable, the filing party may seek by motion to file the material under seal (in accordance with the ECF Policies and Procedures of this Court) and, in doing so, must demonstrate why that the material deserves to be filed under seal and show how redaction will not work. Any party or non-party designating Discovery Materials as CONFIDENTIAL may waive its own designation and include any such material in a filing in the Action made not under seal.

(b) Pursuant to Fed. R. Civ. P. 5.2, unless the Court orders otherwise, in an electronic or paper filing with the Court that contains an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or non-party

        making the filing may include only: (1) the last four digits of the social security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number. The Parties agree to otherwise comply with the requirements of Fed. R. Civ. P. 5.2 in any Court filing.

    (c)    There is no waiver of the CONFIDENTIAL designation for Discovery Materials by either party for filings that occurred prior to the entry of this Protective Order. If prior filings by the parties contain information that the parties otherwise believe should be redacted or submitted under seal, the parties have 30 days from the entry of this Protective Order to substitute the previous filings pursuant to the procedure in subsection (a) of this paragraph.

8.    <u>Challenging Confidential Designation</u>. A party may oppose the designation of protected material at any time before trial in this matter. The party opposed to the designation shall notify the designating party or non-party of the disagreement and attempt to resolve the matter through an in person meet and confer. If the matter cannot be resolved, the opposing Party shall follow the procedures in the Final Scheduling Order for a Discovery Dispute to challenge the designation. Until the matter is resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or designating Party as prescribed in this Order. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The Parties shall take all reasonable efforts to resolve any disputes between themselves and with any non-parties.

9.    <u>Inadvertent Production of Confidential Documents</u>. This provision is meant to track Federal Rule of Evidence 502(b). The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall

constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. If confidential information is produced, the designating person shall provide to all other Parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon demand of the producing party or non-party, all copies of any inadvertently produced document shall be promptly returned, and the documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party or non-party.

10. Limitations to Application. The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

    (a) Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

    (b) Any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order;

    (c) Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party or non-party; or

    (d) Any information, documents, or things which a receiving party created from memory or from sources other than that designated as CONFIDENTIAL.

11. No Waiver. Nothing contained in this Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence at trial. The provisions of this Order are without prejudice to the right of any Party or other person to seek other or additional protection from the Court for any documents or

information believed to not be adequately protected by the provisions of this Order.

12.  Use of Information. Nothing in this Order shall be construed to limit the Parties' use of "CONFIDENTIAL" Discovery Material in the Action in any manner consistent with the above, or to preclude the Parties from raising valid objections, other than confidentiality, with respect to production or disclosure of any Discovery Material.

13.  Notice of Demand for Production. Nothing in this Order shall prevent any Party from producing any "CONFIDENTIAL" Discovery Material in its possession to a governmental department or agency in response to a lawful subpoena or other compulsory process from the department or agency; provided that any Party receiving a subpoena calling for "CONFIDENTIAL" Discovery Material or other compulsory process shall give the other Party at least seven (7) business days' notice prior to the return date or, if the subpoena or process has a return date within fewer than seven (7) business days, written or telephonic notice shall be given as soon as possible and in any event no later than 48 hours prior to the return date.

14.  Modification of Order. Nothing in this Order shall preclude any modification of this Order by written agreement of the Parties, or shall preclude either Party from applying to this Court for an Order modifying this Order by utilizing the joint report of discovery dispute procedure detailed in the Court's Scheduling Order.

15.  Final Disposition. Within 90 days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, and any notes reflecting "CONFIDENTIAL" information and all copies thereof, which are not in the custody of the Court, shall be returned to the Party furnishing that information or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

16. <u>Sunset Provision</u>. The provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record, until one year after the complete resolution of this litigation and any subsequent appeals. This Court retains and shall have continuing jurisdiction over the parties and recipients of the protected documents for enforcement of the provisions of this Order during that period.

**IT IS SO ORDERED** this 9th day of November, 2018.

_____
HON. D. P. MARSHALL JR.
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
mshannon@qgtlaw.com
jprice@qgtlaw.com
twyatt@qgtlaw.com

By: /s/ Joseph W. Price, II
    Michael N. Shannon, Ark. Bar No. 92168
    Joseph W. Price, II, Ark. Bar No. 2007168
    Thomas H. Wyatt, Ark. Bar No. 2013273

*Attorneys for Plaintiff Propst Properties, LLC*

GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Telephone: (501) 376-3800
Facsimile: (501) 372-3359 (fax)
potts@gill-law.com
duke@gill-law.com
whitehouse@gill-law.com

By: __/s/ Dylan H. Potts_____
Dylan H. Potts, Ark. Bar No. 2001258
Wm. David Duke, Ark. 79056
Danielle M. Whitehouse, Ark. Bar No. 2009192

*Attorneys for Defendants Zigurds Vitols and
Westbrook Willow, LLC*

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
E-Mail: jbaker@mwlaw.com

By: ___/s/ John K. Baker_____
     John Keeling Baker, Ark. Bar No. 97024

*Attorneys for Defendants Select Sands Corporation,
Select Sands America Corporation, and
Rasool Mohammad*

# EXHIBIT A CONFIDENTIALITY

## UNDERTAKING

I, _____ , hereby acknowledge that I have read the foregoing Agreed Protective Order (the "Order"), entered in the action captioned *Propst Properties, LLC v. Rasool Mohammad et al.*, Case No. **4:18CV511-DPM** (the "Action"), now pending in the United States District Court for the Eastern District of Arkansas, Western Division, and understand the terms thereof.

I agree (i) that I will not use the CONFIDENTIAL Discovery Material as such term is defined in the Order for any purpose other than in connection with the prosecution or defense of the Action; (ii) that I will not further disclose or disseminate the confidential Discovery Material except in testimony taken in the Action; and, (iii) that I will otherwise comply with the terms of the Order.

I will return to counsel at the conclusion of my involvement in the Action, or at the conclusion of the Action, whichever is earlier, all CONFIDENTIAL Discovery Material that has been provided to me and all copies thereof, and I shall not make any copies of CONFIDENTIAL Discovery Material except as is necessary in connection with my participation in the Action.

Dated: _____

_____
Signature

_____
Print Name

_____
Address

_____
Address